UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 25-cr-114 (AHA) |
| | ) | |
| ANTOWAN HAGANS | ) | |
| | ) | |

### RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

Undersigned counsel, on behalf of defendant Antowan Hagans, respectfully submits his response to the Government's Motion to Dismiss Without Prejudice ("Gov't Mot."), ECF No. 39. Mr. Hagans does not oppose the government's request to dismiss the case, but respectfully requests that the Court dismiss the indictment in this case *with* prejudice.

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice. *Poindexter*, 719 F. Supp. at 10.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. The Court should consider whether a dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time

or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)).

Allowing the government to re-indict and re-arrest Mr. Hagans for this same offense at some unknown time in the future objectively amounts to harassment and would be inconsistent with the manifest public interest in ensuring officers follow the Fourth Amendment. The government has "moved to dismiss the indictment without prejudice because of a defect in its case that has occurred through no fault of the defendant." *Pitts*, 331 F.R.D. at 204.

Moreover, any evidentiary issue pertaining to suppression will not go away or get better with time. Instead, it will be increasingly difficult for Mr. Hagans to investigate the case as time goes on. Thus, "it objectively amount[s] to harassment [] and is [] contrary to the public interest[] to allow the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time in the hope or expectation that something will turn up to remove the complications arising from" the suppression issues in this case. *Poindexter*, 719 F. Supp. at 11.

The government can provide no "sufficient basis for avoiding a dismissal with prejudice." *Id*. "[T]he problem that is causing the government's current desire to dismiss" the indictment is incurable and will remain the same in the future. *Id*. at 12 n.18. On the other hand, dismissal without prejudice will subject Mr. Hagans to an indefinite period of uncertainty. Mr. Hagans should not "have to wait in a state of uncertainty and under public obloquy for an indefinite period of time" so that the government may possibly arrest and try him on the same charge. *Id*. at 12. The Court should protect him from the indefinite uncertainty this entails because it effectively amounts to harassment. *Id*. The prejudice to Mr. Hagans from a dismissal without prejudice warrants a dismissal with prejudice in light of the facts and circumstances of this case.

Judge Kelly has ordered dismissal with prejudice in a similar one-count § 922(g) case where the government dismissed after a motion to suppress was filed, reasoning that the government failed to meet its "initial burden of explaining that a dismissal without prejudice would be in the public interest." *United States v. Brandon Lee*, No. 19-cr-140 (TJK), Min. Order (12/18/2019) (quoting *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011)). As in *Lee*, the government has not explained here why dismissal without prejudice would be in the public interest.

For the foregoing reasons, Mr. Hagans respectfully requests that this Court dismiss Count One of the Indictment, ECF No. 1, *with* prejudice.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

3